LORETTA E. LYNCH, Attorney General
VANITA GUPTA, Principal Deputy Assistant Attorney General for Civil Rights
SAMEENA SHINA MAJEED, Chief
JON SEWARD, Principal Deputy Chief
RONALD H. LEE, Trial Attorney (DC SBN 499614)
VARDA HUSSAIN, Trial Attorney (VA SBN 70132)
CHRISTOPHER D. BELEN, Trial Attorney (VA SBN 78281)
United States Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, NW - NWB
Washington, DC  20530
Phone: (202) 353-1339
Facsimile: (202) 514-1116
Ronald.Lee@usdoj.gov
Varda.Hussain@usdoj.gov
Christopher.Belen@usdoj.gov

Attorneys for Plaintiff United States of America

DAVID M. SPIEKER SBN 215548
ATTORNEY AT LAW
744 MILBANK DRIVE
MODESTO, CA 95357
TELEPHONE (209) 247-0271
davidspieker3104@yahoo.com

Defendant in propria persona

ARMANDO S. MENDEZ, SBN 203909
1231 8TH STREET #600
MODESTO, CA 95354
(209) 622-0600

Attorney for Defendant Oralia Gutierrez

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO AND OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 3:16-cv-04839-RS |
| vs. | ) |
| | ) STIPULATED REQUEST FOR |
| THE HOME LOAN AUDITORS, LLC, et al., | ) ENLARGEMENT OF TIME TO SERVE |
| | ) PROCESS AND [PROPOSED] ORDER |
| Defendants. | ) ENLARGING TIME TO SERVE PROCESS |

1

Pursuant to Civil L.R. 6-2, the undersigned counsel for Plaintiff the United States ("Plaintiff"), counsel for Defendant Oralia Gutierrez, and Defendant David M. Spieker, a named defendant and also appearing on behalf of Defendant Spieker Law Office, (all collectively "the Parties") respectfully request that the Court enter an Order enlarging by forty-five (45) days the time for Plaintiff to serve the Complaint and other process on Defendants Raul Luna ("Luna"), Century Law Center ("CLC"), Omar Alcaraz ("Alcaraz"), and Hortencia Leon (collectively "Unserved Defendants").

In addition to the Parties' stipulation set forth below and pursuant to Civil L.R. 6-2(a), Plaintiff submits the attached Declaration of Christopher Belen ("Belen Declaration"). Plaintiff also respectfully submits that the requested enlargement is consistent with the Advisory Committee Notes for the recent amendments to Fed. R. Civ. P. 6. In 2015, the "presumptive time for serving a defendant [was] reduced from 120 days to 90 days." Fed. R. Civ. P. 6 (Adv. Cte. Note 2015). However, "[m]ore time may be needed, for example, when a request to waive service fails, a defendant is difficult to serve, or a marshal is to make service in an *in forma pauperis* action." *Id.* As described below and in the Belen Declaration, at least two of the three examples provided by the Advisory Committee are present here. The Unserved Defendants ignored a request for waiver of service that was sent immediately after Plaintiff filed the complaint, and the Unserved Defendants have proven non-responsive and difficult to serve. Even the third example – service by the U.S. Marshal – is present here, albeit not in an *in forma pauperis* case, which is not a material difference.

The Parties agree and stipulate as follows:

1. Plaintiff filed the Complaint in this case on August 23, 2016. (Dkt. No. 1.) The time to serve process on all defendants named in the Complaint expires on November 21, 2016. *See* Fed. R. Civ. P. 4(m) (providing the summons and complaint should be served within 90 days after filing the complaint).

2. After filing the Complaint, counsel for Plaintiff sent Notices of a Lawsuit and Requests to Waive Service of Summons to the Unserved Defendants personally or to their counsel of record at the time. Despite diligent efforts by Plaintiff's counsel, as described in the Belen Declaration

– including unsuccessful attempts to have counsel for Luna, Alcaraz, and CLC accept service, re-sending requests for waiver of service directly to Luna, Alcaraz, and CLC after their counsel indicated they could not waive service on behalf of those Defendants, and letters and multiple emails to the known email addresses of the individual Unserved Defendants – the Unserved Defendants did not waive formal service or otherwise cooperate.

3. After the time for the Unserved Defendants to waive formal service expired, Plaintiff filed proposed summonses with the Court, along with a proposed Order directing issuance of the summonses and service by the U.S. Marshals. (Dkt. No. 13.) On October 21, 2016, the Court entered the Order (Dkt. No. 17), and, on October 24, 2016, the Clerk issued summonses to the Unserved Defendants (Dkt. No. 18). On October 28, 2016, the U.S. Marshals Service acknowledged receipt of the summonses to be served. (Dkt. No. 33.)

4. As of today, there is no indication that the U.S. Marshals have served the summonses and Complaint on the Unserved Defendants.

5. Plaintiff will be severely prejudiced if the enlargement is denied and the Court does not provide other relief, *see e.g.,* Fed. R. Civ. P. 6(m), because Plaintiff's claims against the Unserved Defendants may be extinguished. That is particularly prejudicial because Plaintiff's efforts will have been thwarted by uncooperative and evasive conduct by the Unserved Defendants who are all-too-aware of this litigation, having entered tolling agreements with Plaintiff's counsel before filing this complaint and having participated in a federal agency investigation concerning the same or similar factual allegations at issue in this case.

6. Defendant Spieker will be prejudiced, including by an inability to litigate his cross-claims against the Unserved Defendants.

7. Defendant Gutierrez, to the extent she remains in the case upon the resolution of her pending motion to dismiss, would likewise be prejudiced by the inability to assert claims or defenses relating to the Unserved Defendants and their role in the facts underlying this case.

8. The Parties have not previously requested modifications of deadlines. Defendant Spieker submitted a Notice of Unavailability for the initial date for the Case Management Conference before the previously-assigned judge (Dkt. No. 26), which the Court rescheduled (Dkt. No. 29).

1  The Court has slightly modified other dates and Defendant Gutierrez and Proposed Plaintiff
2  Intervenors re-noticed hearing dates for pending motions when this case was recently reassigned.
3    9.   The Parties respectfully submit that the requested time modification will have a limited
4  effect on the schedule for the case.  A Scheduling Order for discovery and other aspects of the
5  case has not yet been entered.  The Parties acknowledge that the initial Case Management
6  Conference currently scheduled for December 15, 2016, will likely need to be continued *or* it
7  would have to occur without the participation of the Unserved Defendants.  But, unfortunately,
8  that may be necessary even without this requested enlargement.  Even if the Unserved
9  Defendants were served today, they likely would not answer or appear until December 9, 2016,
10 *see* Fed. R. Civ. P. 12(a)(1)(A)(i) (allowing 21 days for filing an answer after service of
11 summons and complaint), which is after the current deadline for the filing of a joint Case
12 Management Statement and only six days before the initial Case Management Conference.  The
13 Parties prefer and request that the hearings on the pending motion to dismiss (Dkt. No. 40) and
14 the motion to intervene (Dkt. No. 37) remain scheduled for December 15, 2016, and not be
15 continued or postponed due to the enlargement requested herein.
16   WHEREFORE the Parties request that the Court enter an Order enlarging by forty-five
17 (45) days Plaintiff's time to serve process on any Defendant not yet served.

   Dated:  November 19, 2016.

   /s/ David M. Spieker
DAVID M. SPIEKER SBN 215548
ATTORNEY AT LAW
744 MILBANK DRIVE
MODESTO, CA 95357
TELEPHONE (209) 247-0271
davidspieker3104@yahoo.com

Defendant in propria persona

   /s/ Armando S. Mendez
ARMANDO S. MENDEZ, SBN 203909
1231 8TH STREET #600
MODESTO, CA 95354
(209) 622-0600

Attorney for Defendant Oralia Gutierrez

LORETTA E. LYNCH
Attorney General

VANITA GUPTA
Principal Deputy Assistant Attorney General
Civil Rights Division

SAMEENA SHINA MAJEED
Chief

    /s/ Christopher D. Belen
JON SEWARD
Principal Deputy Chief
RONALD H. LEE
VARDA HUSSAIN
CHRISTOPHER D. BELEN
Trial Attorneys
Housing and Civil Enforcement Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue NW
Northwestern Building, 7th Floor
Washington, DC  20530
Phone: (202) 353-1339
Facsimile: (202) 514-1116
Ronald.Lee@usdoj.gov
Varda.Hussain@usdoj.gov
Christopher.Belen@usdoj.gov

Attorneys for the United States of America

PURSUANT TO STIPULATION:

    The time for Plaintiff to serve process on any Defendant not yet served is enlarged by forty-five (45) days.

IT IS SO ORDERED.

Dated:  11/23/16

                                                                    Honorable Richard Seeborg
                                                                    UNITED STATES DISTRICT JUDGE