UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THE HOME LOAN AUDITORS, LLC, et al.,<br><br>Defendants. | Case No. 16-cv-04839-RS<br><br>**ORDER DENYING ORALIA GUTIERREZ'S MOTION TO DISMISS** |

## I. INTRODUCTION

Defendant Oralia Gutierrez moves to dismiss the Government's claims against her in this discrimination action. Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument, and the hearing set for December 15, 2016, is vacated. For the reasons that follow, the motion is denied.

## II. BACKGROUND[1]

Gutierrez was a sales representative for defendant The Home Loan Auditors, LLC ("THLA") and a part owner of defendant SOE Assistance Center, Inc. ("SOE"). THLA performed home loan audits, while SOE performed home loan modifications. Gutierrez, THLA, SOE, Century Law Center ("CLC") and six other individuals who were owners, officers, or employees of THLA, SOE, and CLC (collectively, "defendants") allegedly engaged in a foreclose rescue scam by offering home loan audits for a fee while falsely claiming the audits were necessary for, and would lead to, favorable home loan modifications. In reality, the loan audits were not necessary for loan modifications, and often led only to temporary foreclosure relief instead of loan modification.

---

[1] The facts are drawn from the complaint and taken as true for the purpose of deciding this motion.

Defendants' scheme targeted Hispanic homeowners. The scheme's marketing materials, which were exclusively in Spanish, featured purportedly satisfied Hispanic clients who claimed defendants reduced their debts. Likewise, certain mailing materials claimed defendants were helping secure loan modifications for the "Hispanic community." Although the marketing materials were entirely in Spanish, defendants required their clients to sign contracts written in English, often without providing translation. Defendants charged their clients a total of $5000 for home loan audit services, despite the fact their clients would have been eligible for home loan modifications without audits. Defendants also encouraged their clients to stop making mortgage payments and to cease communication with their lenders, knowingly putting their clients at risk of, and some actually into, foreclosure.

As a result of defendants' alleged scheme, clients Eberardo Perez and Roberto Hernandez filed housing discrimination complaints with the United States Department of Housing and Urban Development ("HUD") under 42 U.S.C. § 3610(a). After investigating the complaints, compiling a report, and unsuccessfully attempting reconciliation, HUD determined reasonable cause existed to believe defendants engaged in illegal discriminatory housing practices and issued a Charge of Discrimination. On January 21, 2016, Perez and Hernandez elected to have the claims asserted in the Charge of Discrimination advanced in a civil action under 42 U.S.C. § 3612(a). Following an Administrative Law Judge's issuance of a Notice of Election, the HUD Secretary authorized the Attorney General to commence a civil action, pursuant to 42 U.S.C. § 3612(o).

On August 23, 2016, the Government filed this action on behalf of Perez, Hernandez, and the members of their respective households, bringing two claims under the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601-3619, and one claim under the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691-1691f. On November 3, 2016, defendant Gutierrez filed this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing the Government's complaint does not make sufficient factual allegations to sustain any claims against her.

### III.  LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the

claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "[D]etailed factual allegations are not required," but a complaint must provide sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)).

Federal Rule of Civil Procedure 12(b)(6) provides a mechanism to test the legal sufficiency of the averments in a complaint. Dismissal is appropriate when the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint in whole or in part is subject to dismissal if it lacks a cognizable legal theory or the complaint does not include sufficient facts to support a plausible claim under a cognizable legal theory. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When evaluating a complaint, the court must accept all its material allegations as true and construe them in the light most favorable to the non-moving party. *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* To survive a motion to dismiss, a complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and "must plausibly suggest an entitlement to relief." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

## IV. DISCUSSION

Gutierrez primarily argues the Government's complaint alleges insufficient facts about her specific actions to plead FHA and ECOA violations against her properly. As she points out, the complaint makes only one allegation specific to her: "Defendant Orelia (sic) Gutierrez was employed by THLA as a sales representative and was a part owner of SOE. Defendant Gutierrez's duties included processing home-loan related documents." Compl. ¶ 13. If this were the only factual allegation in the complaint, it would not support a plausible claim. Gutierrez's argument fails, however, because the complaint makes numerous allegations about *all defendants* supporting plausible FHA and ECOA claims. For instance:

Defendants, individually and through other representatives and agents, targeted

> Hispanic homeowners to pay for their services by marketing exclusively in Spanish through direct mail, radio advertisements, promotional videos, and live sales presentations. . . . Defendants created and mailed marketing materials that stated they were helping the "Hispanic community" with loan modifications. . . . Defendants exploited their clients' limited English proficiency.

*Id.* ¶¶ 22, 24-25.

Gutierrez seems to argue she cannot be "lumped in" with the other defendants in this form of pleading, but does not convincingly say why. Although complaints alleging collective conduct can fail to satisfy Rule 8's pleading requirement when they do not allege "what role each [d]efendant played in the alleged harm" or when they create "confusion of which claims apply to which defendants," *Adobe Sys. Inc. v. Blue Source Grp., Inc.*, 125 F. Supp. 3d 945, 964 (N.D. Cal. 2015) (citations and internal quotation marks omitted), this complaint suffers from no such deficiencies. It clearly communicates that all three claims apply to Gutierrez, and that she is alleged to have participated in all actions ascribed to "defendants." Given that Gutierrez was a part owner of defendant SOE and a sales representative for defendant THLA, it is plausible she engaged in the alleged actions and thereby violated the FHA and ECOA. Moreover, it is plausible all defendants engaged in all alleged actions, because the Government claims defendants SOE, CLC, and THLA "operated as a joint enterprise." Compl. ¶ 18. Simply put, the Government's complaint provides Gutierrez "sufficient notice as to the nature of the claims asserted, including what conduct is at issue," *Adobe*, 125 F. Supp. 3d at 964 (citations and internal quotation marks omitted), and is therefore not subject to dismissal.[2]

Gutierrez also seeks judicial notice of the initial HUD investigation report, and argues it compels dismissal of the claims against her because it concluded: "There is no reasonable cause to believe that . . . Oralia Gutierrez . . . violated the Fair Housing Act." Def.'s Reply Br. Ex. A at

---

[2] The Government also argues Gutierrez can be held vicariously liable for SOE's alleged FHA violations regardless of the sufficiency of the allegations of her personal involvement. Although it is doubtful Gutierrez's part-ownership of SOE alone subjects her to vicarious liability, *see Meyer v. Holley*, 537 U.S. 280, 282 (2003) ("We conclude that the [FHA] . . . normally imposes vicarious liability upon the corporation but not upon its officers or owners."), the issue need not be resolved because the complaint contains sufficient factual allegations against Gutierrez to survive a motion to dismiss.

28. Judicial notice is appropriate for "adjudicative facts" that are "not subject to reasonable dispute." Fed. R. Evid. 201. This document is not suitable for judicial notice because it is not a fact that Gutierrez did not violate the FHA. Likewise, even if the report were subject to notice, it would provide no basis for dismissal; whether HUD originally believed Gutierrez violated the FHA is simply not relevant to whether the complaint adequately alleges claims against Gutierrez.

Finally, Gutierrez asserts she cannot be held liable under the ECOA because she is not a "creditor" within the meaning of the act. The ECOA defines "creditor" as "any person who regularly extends, renews, or continues credit; any person who regularly arranges for the extension, renewal, or continuation of credit; or any assignee of an original creditor who participates in the decision to extend, renew, or continue credit." 15 U.S.C.A. § 1691a(e); *see also* 12 C.F.R. § 1002.2(l) ("the term creditor . . . includes a person who, in the ordinary course of business, regularly refers applicants or prospective applicants to creditors"). The complaint clearly alleges defendants "target[ed] Hispanic homeowners to pay for home loan audits with the false promise that the results of such audits were necessary to arrange for favorable loan modifications on their behalf." Compl. ¶ 19. Although defendants "failed to obtain favorable loan modifications for many of their clients," *id.*, the complaint implies defendants did obtain modifications for some clients, thereby regularly arranging for the extension, renewal, or continuation of credit and becoming creditors for the purposes of the ECOA. Thus, the United States has properly pleaded an ECOA claim against Gutierrez.

## V.  CONCLUSION

For the foregoing reasons, Defendant Oralia Gutierrez's motion to dismiss is denied.

**IT IS SO ORDERED**.

Dated: November 29, 2016

_____
RICHARD SEEBORG
United States District Judge

ORDER DENYING ORALIA GUTIERREZ'S MOTION TO DISMISS
CASE NO. 16-cv-04839-RS
5