UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THE HOME LOAN AUDITORS, LLC, et al.,<br><br>　　　　　Defendants. | Case No. 16-cv-04839-RS<br><br>**ORDER GRANTING PROPOSED INTERVENOR PLAINTIFFS' MOTION TO INTERVENE** |

## I. INTRODUCTION

Eberardo Perez, Roberto Hernandez, Magdalena Galindo, DG, CH, and Housing and Economic Rights Advocates (collectively, "proposed intervenor plaintiffs") move to intervene as plaintiffs in this housing discrimination action. Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument, and the hearing set for December 15, 2016, is vacated. For the reasons that follow, the motion is granted.

## II. BACKGROUND[1]

Proposed intervenor plaintiffs are a group of individuals and a legal advocacy organization who allege they were harmed by defendants' foreclosure rescue scam. In the scam, defendants allegedly offered home loan audits for a fee while falsely claiming the audits were necessary for, and would lead to, favorable home loan modifications. In reality, the loan audits were not necessary for loan modifications, and often led only to temporary foreclosure relief instead of loan modification. Defendants' scheme targeted Hispanic homeowners. The scheme's marketing materials, which were exclusively in Spanish, featured purportedly satisfied Hispanic clients who claimed defendants reduced their debts. Likewise, certain mailing materials claimed defendants

---

[1] The facts are drawn from the Proposed Complaint in Intervention.

1   were helping secure loan modifications for the "Hispanic community."  Although the marketing
2   materials were entirely in Spanish, defendants required their clients to sign contracts written in
3   English, often without providing translation.  Defendants charged their clients thousands of dollars
4   for home loan audit services, despite the fact their clients would have been eligible for home loan
5   modifications without audits.  Defendants also encouraged their clients to stop making mortgage
6   payments and to cease communication with their lenders, knowingly putting their clients at risk of,
7   and some actually into, foreclosure.

One of defendants' clients was Perez, who had two residential properties go into foreclosure; although he saved one, he lost the other.  Likewise, Hernandez, his partner Galindo, and their minor children DG and CH had two properties go into foreclosure and ultimately lost one.  Perez and Hernandez filed housing discrimination complaints against defendants with the United States Department of Housing and Urban Development ("HUD") under 42 U.S.C. § 3610(a).  After investigating the complaints, compiling a report, and unsuccessfully attempting reconciliation, HUD determined reasonable cause existed to believe defendants engaged in illegal discriminatory housing practices and issued a Charge of Discrimination.  On January 21, 2016, Perez and Hernandez elected to have the claims asserted in the Charge of Discrimination advanced in a civil action under 42 U.S.C. § 3612(a), and the HUD Secretary authorized the Attorney General to commence a civil action pursuant to 42 U.S.C. § 3612(o).  On August 23, 2016, the Government filed this action on behalf of Perez, Hernandez, and the members of their respective households, pursuant to 42 U.S.C. § 3612(o), and also pursuant to the Attorney General's authority under 42 U.S.C. § 3614(a) and 15 U.S.C. § 1691e(h).  The government brings two claims under the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601-3619, and one claim under the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691-1691f.

Housing and Economic Rights Advocates ("HERA"), which describes itself as "a legal service and advocacy organization with a mission of ensuring that all people are protected from discrimination and economic abuses ― especially in the realm of housing," Proposed Compl. in Intervention ¶ 8, also alleges it was harmed by defendants' scheme.  Specifically, it claims it has

been frustrated in its mission to eradicate housing discrimination, and has had to devote time and resources to investigating defendants and helping Hernandez and Perez file their HUD complaint. In response to defendants' actions, HERA filed its own HUD complaint, which is still pending.

Proposed intervenor plaintiffs now move to intervene in the Government's FHA action, pursuant to Federal Rule of Civil Procedure 24(a) and 42 U.S.C. § 3614(e). The government has filed a statement of non-opposition to the motion, and defendants have not filed timely opposition.

### III. DISCUSSION

"On timely motion, the court must permit anyone to intervene who . . . is given an unconditional right to intervene by a federal statute . . . ." Fed. R. Civ. P. 24(a)(1). "Upon timely application, any person may intervene in a civil action commenced by the Attorney General under subsection (a) or (b) of [42 U.S.C. § 3614] which involves an alleged discriminatory housing practice with respect to which such person is an aggrieved person . . . ." 42 U.S.C. § 3614(e). "'Aggrieved person' includes any person who . . . claims to have been injured by a discriminatory housing practice . . . ." *Id.* § 3602(i)(1).

Proposed intervenor plaintiffs are "aggrieved persons" under the FHA because they all claim to have been injured by defendants' discriminatory housing practices. *Id.* § 3602(i)(1). Because this is, in part, a civil action commenced under 42 U.S.C. § 3614(a), proposed intervenor plaintiffs may intervene as "aggrieved persons." *Id.* § 3614(e). Thus, they "are given an unconditional right to intervene by a federal statute" and must be permitted to intervene. Fed. R. Civ. P. 24(a)(1). Proposed intervenor plaintiffs' motion to intervene is therefore granted.

### IV. CONCLUSION

Proposed intervenor plaintiffs' motion to intervene is granted.

**IT IS SO ORDERED**.

Dated: November 30, 2016

_____
RICHARD SEEBORG
United States District Judge