JOHN GORE, Acting Assistant Attorney General
SAMEENA SHINA MAJEED, Chief
R. TAMAR HAGLER, Deputy Chief (CA 189441)
VARDA HUSSAIN, Acting Special Litigation Counsel (VA 70132)
CHRISTOPHER D. BELEN (VA 78281)
ABIGAIL B. MARSHAK (NY Reg. No. 5350053)
JUNIS L. BALDON (KY 93045)
United States Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, NW - NWB
Washington, DC 20530
Phone: (202) 353-1339
Facsimile: (202) 514-1116
Christopher.Belen@usdoj.gov

*Attorneys for Plaintiff United States of America*

[Intervenors, Defendants, and Their Counsel Listed On Signature Pages]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff, and<br><br>EBERARDO PEREZ, et al.,<br><br>    Intervenor Plaintiffs,<br><br>vs.<br><br>THE HOME LOAN AUDITORS, et al.,<br><br>    Defendants. | Case No. 3:16-cv-04839-RS<br><br>STIPULATED [~~PROPOSED~~] ORDER RE: DISCOVERY AND ELECTRONICALLY STORED INFORMATION AND FED. R. EVID. 502(D) ORDER |

## 1. PURPOSE

This Order will govern discovery, including the discovery of electronically stored information ("ESI"), in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules. This Order is intended to supplement – not override – any

1

confidentiality Order in this case.

## 2. COOPERATION

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

## 3. PRESERVATION

The parties have discussed their preservation obligations and needs, and they agree that preservation, including preservation of potentially relevant ESI will be reasonable and proportionate. By agreeing to preserve documents and ESI, they are not conceding that such material is discoverable, nor are they waiving any claim of privilege. To reduce the costs and burdens of preservation and to ensure proper documents and ESI are preserved, the parties agree as follows:

a) The parties do not need to preserve the following categories of ESI: i) voicemail messages on counsel's voicemail system; ii) delivery or read receipts of e-mail; iii) logs of calls made to or from mobile devices; iv) temporary or cache files, including internet history, web browser cache and cookie files, wherever located; v) server, system or network logs; vi) system or log data from photocopiers or fax machines; and vii) auto-saved copies of electronic documents.

b) Provided that each party preserves at least one copy of all relevant ESI in a reasonably accessible location, the party is not required to keep duplicate copies of: 1) email or other electronic messages (including attachments) sent to multiple recipients; 2) ESI on mobile or portable devices (e.g., Blackberry, smart phones, flash drive); or 3) ESI on backup systems used for system recovery or information restoration that are routinely purged or overwritten in

accordance with an established, documented, and routine system maintenance policy.

   c) The parties do not need to specifically preserve relevant documents, things, or ESI created by and exchanged 1) solely among attorneys or staff[1] within the United States Department of Justice (which, for this document, includes the United States Attorney's Office for the Northern District of California); 2) solely among attorneys or staff within Quadra & Coll, LLP; (3) solely among attorneys or staff within Housing and Economic Rights Advocates; (4) solely among attorneys or staff within the Law Offices of Armando S. Mendez; (5) solely among attorneys or staff within the Law Offices of David M. Spieker; and/or (6) solely among attorneys or staff within the Sodhi Law Group.

   d) This Stipulation and Order does not modify, amend, limit, or obviate any party's obligation to maintain and preserve documents, things, and ESI where required by law. Nor does this Stipulation and Order affect any other obligations of the parties to preserve documents, things, and ESI, such as pursuant to a party's own document retention policy, other court order, administrative order, or in response to other reasonably anticipated litigation.

**4. SEARCH**

The parties agree that in responding to a Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

**5. PRODUCTION FORMATS**

The parties agree generally to produce documents and information as searchable PDFs. The PDFs shall be black-and-white, unless that color format would obscure or degrade

---

[1] In this document, "staff" includes employees as well as contractors, if applicable.

3

information (*e.g.*, color-coded graphs or charts, printed photographs, redlines). The parties agree to maintain unitization of documents and information to the extent feasible. For example, each PDF file will contain one document, and the pages within the PDF will be in the same order as maintained in the original document. All pages shall be Bates-numbered in consecutive order in the format "XX#####" where "XX" represents the short character abbreviation for the producing Party – *i.e.*, USPROD for United States; HERA for the Intervenor Plaintiffs; L-A for Defendants Luna and Alcaraz; OG for Defendant Oralia Gutierrez; SPIE for Defendant David Spieker; and LEON for Defendant Hortencia Leon – and "#####" represents the five-digit or six-digit sequential number of the page being produced. A party's second and subsequent productions will begin with the next number in sequence after the last page of the prior production. The parties agree to electronically "burn" a legible, unique Bates Number onto the lower right hand corner of each page or at a location that does not obliterate, conceal, or interfere with any information in the image. The parties will name image files [Bates Number].tif or [Bates Number].jpg. For native electronic files, the parties agree not to place Bates Numbers on each page, but to name each native file [Bates Number].ext, with a placeholder PDF containing the name of the file before it was changed to the Bates Number.

If particular information warrants a production format other than PDF (*e.g.*, Excel spreadsheets that exist in native electronic form, video or audio files, databases, social media content, text messages and data from mobile devices, and web-based data), the parties will promptly confer and cooperate to attempt to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability or use of documents as part of the document collection or production process, and they agree to remove any encryption,

locking, or passwords.

The parties will use production media most appropriate to the size of the production, with a presumption that productions will be by CD/DVD sent via overnight delivery or via electronic delivery. Where electronic delivery is not made electronically, the parties agree to label each piece of Production Media with: (1) case number, (2) producing Party's name; (3) production date; and (4) the Bates Number range(s) of the materials on the Production Media.

**6. INFORMATION PROTECTED FROM DISCOVERY**

a) Pursuant to Fed. R. Evid. 502(d), the production of privileged information, work-product-protected information, or information subject to governmental privileges or protections, whether inadvertent or otherwise, is <u>not</u> a waiver of privilege or protection from discovery or disclosure in this case or in any other federal or state proceeding. For example, the mere production of privileged or protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding. Nothing in this provision or Order, however, limits or affects the right of a Party to conduct a review for privileged or protected material before production, as the Party deems necessary and prudent.

b) The Parties agree that for each document, thing, or ESI withheld based on an asserted claim of privilege or protection, the asserting party must produce a log pursuant to FRCP 26(b)(5)(a), except as provided in (c) and (d) below. The parties agree to separately identify and log email family members (email and e-mail attachments). The privilege log must contain sufficient information to establish the basis for each of the elements of the asserted privilege or protection for each item withheld, including: 1) Bates Numbers (beginning and end); 2) type (*e.g.*, document or type of ESI); 3) title and purpose; 4) names of all attachments;

5

5) date created, sent or received; 6) authors, recipients, copy-ees (cc and bcc); and, 7) privilege(s) or protection(s) claimed.

      c)      The Parties agree not to produce or describe on a privilege log communications between a party's attorney and any witness required to provide a report under Fed. R. Civ. P. 26(a)(2)(B), except that the parties will disclose communications made discoverable by Fed. R. Civ. P. 26(b)(4)(C).

      d)      The parties agree not to seek discovery of documents, things, and ESI that they have agreed not to preserve pursuant to paragraphs 3(a) – (c), above. If any discovery request appears to call for the production of documents, things or ESI covered by paragraphs 3(a) – (c), the responding party is not required to search for, produce, or identify such information on a privilege log. However, if a party preserves relevant documents, things, or ESI covered by paragraphs 3 (a) – (c), in order to support a claim or defense in this case, the Party shall produce such information or identify it on a privilege log.

      e)      If a Producing Party asserts that information it disclosed is privileged or protected, the Producing Party will notify the Receiving Party and identify all material that it believes contains the privileged or protected information (*e.g.,* by production date and the Bates number(s) or Document ID). This constitutes a written demand for the return of the privileged or protected information.

If a production contains information that the Receiving Party believes is privileged or protected, the Receiving Party will promptly notify the Producing Party in writing, and provide the information identifying the material it believes is privileged or protected (*e.g.*, production date, Bates number(s) or Document ID (for native files)). Within 14 days after receiving

6

notification, the Producing Party may make a written request for return of the material. If the Producing Party does not send a written request for return of the material to the Receiving Party within 14 days, the Producing Party waives all claims of privilege or protection as to the material. This waiver is only applicable to the specific material produced and does not operate to waive privilege or protection as to any other documents or information.

When the Receiving Party receives a written demand for return of material, it will make reasonable, good faith efforts to promptly sequester all material identified by the Producing Party, and then notify the Producing Party whether the information will be returned or destroyed. The Parties agree that the Receiving Party does not need to manually remove or destroy copies on its disaster recovery or backup system before the information will be overwritten in the normal course of operations, so long as access to the system is reasonably limited to information technology or security personnel with a need to access the system.

If the Receiving Party must destroy or delete production media (e.g., CD) in order to destroy or delete demanded material, the Producing Party will provide a duplicate copy of the production media minus only demanded material within 14 days of its written request for return of the material to the Receiving Party.

If the Receiving Party intends to challenge the claim of privilege or protection for information demanded under this provision, it will keep one copy of the material in a sealed envelope or a sequestered location while seeking a ruling from the Court.

9. **MODIFICATION**

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

| | | |
|---|---|---|
| 1 | **IT IS SO STIPULATED**, through Counsel of Record. | |
| 2 | DATED: August 15, 2017 | JOHN GORE |
| | | Acting Assistant Attorney General |
| 3 | | Civil Rights Division |
| 4 | | |
| | | SAMEENA SHINA MAJEED |
| 5 | | Chief |
| 6 | | _____/s/ Christopher Belen_____ |
| 7 | | R. TAMAR HAGLER, Deputy Chief (CA 189441) |
| | | VARDA HUSSAIN, Acting Special Litigation Counsel |
| 8 | | (VA 70132) |
| | | CHRISTOPHER D. BELEN (VA 78281) |
| 9 | | ABIGAIL B. MARSHAK (NY Reg. No. 5350053) |
| | | JUNIS L. BALDON (KY 93045) |
| 10 | | United States Department of Justice |
| 11 | | Civil Rights Division |
| | | 950 Pennsylvania Avenue, NW - NWB |
| 12 | | Washington, DC 20530 |
| | | Phone: (202) 353-1339 |
| 13 | | Facsimile: (202) 514-1116 |
| 14 | | Christopher.Belen@usdoj.gov |
| | | Abigail.Marshak@usdoj.gov |
| 15 | | Junis.Baldon@usdoj.gov |
| 16 | | *Attorneys for the Plaintiff United States of America* |

DATED: August 15, 2017        /s/ Joseph Jaramillo
JOSEPH JARAMILLO (SB# 178566)
jjaramillo@heraca.org
GINA DI GIUSTO (SB# 293252)
gdigiusto@heraca.org
HOUSING AND ECONOMIC RIGHTS
ADVOCATES
1814 Franklin Street, Ste. 1040
Oakland, CA 94612
Telephone: (510) 271-8443
Facsimile: (650) 392-8255

*Attorneys for Intervenor Plaintiffs Eberardo Perez, Roberto Hernandez, Magdalena Galindo, DG, CH, and Housing and Economic Rights Advocates*

| | | |
|---|---|---|
| DATED: August 15, 2017 | | /s/ Rebecca Coll |

JAMES A. QUADRA, State Bar No. 131084
REBECCA M. COLL, State Bar No. 184468
QUADRA & COLL, LLP
649 Mission Street, 5th Floor
San Francisco, California 94105
Telephone: (415) 426-3502
Facsimile: (415) 795-4530

*Attorneys for Defendants Raul Luna and Omar Alcaraz*

| | | |
|---|---|---|
| DATED: August 15, 2017 | | /s/ Armando Mendez |

ARMANDO S. MENDEZ, SBN 203909
1231 8TH STREET #600
MODESTO, CA 95354
(209) 622-0600

*Attorney for Defendant Oralia Gutierrez*

| | | |
|---|---|---|
| DATED: August 15, 2017 | | /s/ David Spieker |

DAVID M. SPIEKER SBN 215548
ATTORNEY AT LAW
744 MILBANK DRIVE
MODESTO, CA 95357
TELEPHONE (209) 247-0271
davidspieker3104@yahoo.com

*Defendant in propria persona*

| | | |
|---|---|---|
| DATED: August 15, 2017 | | /s/ Jakrun Sodhi |

JAKRUN S. SODHI, SBN: 200851
AMEET S. BIRRING, SBN: 297118
SODHI LAW GROUP
1301 K Street, Suite F
Modesto, CA 95354
Telephone: (209) 900-8200
Facsimile: (209) 900-8205
Jak@sodhilawgroup.com
Ameet@sodhilawgroup.com

*Attorneys for Defendant Hortencia Leon*

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated: 8/15/17

_____
Honorable Richard Seeborg

UNITED STATES DISTRICT JUDGE